IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-178 |
| MARCUS BLAIR, | ) | |
| | ) | (VARLAN/GUYTON) |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on June 7, 2005, for a scheduled pretrial conference. Assistant United States Attorney Tracee J. Plowell was present for the government. Assistant Federal Defender Jonathan A. Moffatt was present for the defendant, who was also present.

The parties made a joint, oral motion to continue the June 13, 2005 trial date. Defense counsel observed that the Court's Report and Recommendation [Doc. 21] on the defendant's Motion to Dismiss Indictment and Memorandum of Law in Support [Doc. 10] along with the parties' objections thereto are currently pending before the District Court. He stated that the defendant also has a suppression motion [Doc. 9] pending that he intends to pursue if he is unsuccessful on his Motion to Dismiss. The Court questioned the defendant who agreed that he understood he would remain in custody pending his new trial date and that he did not object to a continuance of his trial. Both parties agreed that all time between the present hearing and a new trial date would be fully excludable under the Speedy Trial Act.

1

The Court finds that the parties' oral motion to continue the June 13, 2005 trial date to be well taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court notes that the parties have both objected to this Court's Report and Recommendation on the defendant's Motion to Dismiss the Indictment. These objections along with the initial motion and the Court's report are presently before the District Court. See 18 U.S.C. § 3161(h)(1)(F). Additionally, once this motion is resolved, the defendant will potentially still need time to pursue his suppression motion. See 18 U.S.C. § 3161(h)(1)(F). The Court set a hearing on this motion for July 6, 2005, at 9:00 a.m. Once the Court hears arguments on the defendant's suppression motion, the Court will need time, not to exceed thirty days, to issue a report and recommendation. See 18 U.S.C. 3161(h)(1)(J). Following the issuance of the Court's report, the parties will need time to file any objections, and the District Court will need to rule upon the report in light of the objections. Finally, the parties will need time to prepare for trial in light of the rulings on these motions. The Court finds that all of this cannot take place before the June 13, 2005 trial date, or in less than three months, even taking into account counsels' exercise of due diligence. See 18 U.S.C. 3161(h)(8)(B)(iv). The Court has reset the trial to **August 31, 2005**.

Accordingly, the Court **GRANTS** the parties' oral motion for a continuance. The Court further finds that the period of time between the **June 7, 2005** hearing and the new trial date of **August 31, 2005**, is fully excludable as provided by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F),-(J), -(8)(A)-(B). The Court notes that the parties expressly agreed that the time is excludable.

With regard to other scheduling in the case, the parties are to appear for a hearing on the

suppression motion on **July 6, 2005, at 9:00 a.m.** The Court has set a pretrial conference for **August 26, 2005, at 9:30 a.m.**

Accordingly, it is **ORDERED:**

1. The parties' joint, oral motion to continue the trial is **GRANTED**;

2. The trial is reset to commence at **9:00 a.m., on August 31, 2005,** before the Honorable Thomas A. Varlan, United States District Judge;

3. All time between the **June 7, 2005** hearing and the **August 31, 2005** trial date is fully excludable time under the Speedy Trial Act as set forth above;

4. A suppression hearing is scheduled for **July 6, 2005, at 9:00 a.m.**; and

5. A pretrial conference is set for **August 26, 2005, at 9:30 a.m.**, before the undersigned.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

3