# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:04-CR-178 |
| | ) | (VARLAN/GUYTON) |
| MARCUS BLAIR | ) | |

**MEMORANDUM AND ORDER**

Defendant Marcus Blair was charged with and has pled guilty to a violation of 18 U.S.C. § 922(g)(6), possession of a rifle and ammunition after a dishonorable discharge from the military, in case number 3:04-CR-88. Following entry of defendant's guilty plea in case number 3:04-CR-88 pursuant to a plea agreement, the government filed the indictment in the instant case, number 3:04-CR-178, charging Blair with possession with intent to distribute crack cocaine. Blair contends that the government has breached the plea agreement in case number 3:04-CR-88 and seeks dismissal of the indictment in this case. Upon review of defendant's motion to dismiss indictment [Doc. 10], Magistrate Judge H. Bruce Guyton filed a Report and Recommendation ("R&R") on March 16, 2005 [Doc. 21], in which he recommended that the motion be denied and concluded that the government had not breached the parties' plea agreement in case number 3:04-CR-88 by filing the instant indictment. This matter is presently before the Court for consideration of timely objections to the R&R filed by the defendant [Doc. 23] and by the government [Doc. 24].

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the parties have objected. In doing so, the Court has

carefully considered the underlying briefs [Docs. 10, 11, 19, 20], the transcript of argument before Judge Guyton on February 14, 2005 [Doc. 22], along with the exhibits presented during the hearing, the parties' briefs regarding their pending objections [Docs. 23 - 26], and the arguments of counsel presented to this Court on May 4, 2005.[1]

The defendant contends that the following language from the plea agreement in case number 3:04-CR-88 precludes the government from bringing the present case:

> 12. The United States agrees that this plea agreement constitutes the full disposition of the known non-tax federal charges within the Eastern District of Tennessee.

[3:04-CR-88, Doc. 13.] The defendant objects to Judge Guyton's legal conclusion that the word "charge" as used in the plea agreement "refers to the actual bringing of an accusation by appropriate legal process – either indictment, complaint or information." [Doc. 23 at p. 4, citing R&R at p. 6.] The defendant suggests that "charge" should be defined as "an accusation that is in existence prior to some formal court process being taken by the government." [Doc. 23 at p. 6.] The government contends that Judge Guyton's definition of the term "charge" is supported by case law, as set forth by the Supreme Court:

> A criminal charge, strictly speaking exists only when a formal written complaint has been made against the accused, and a prosecution initiated. It is true the popular understanding of the term is 'accusation,' and it is freely used with reference to all accusations, whether oral, in the newspapers, or otherwise; but, in legal phraseology, it is properly limited to such accusations as have taken shape in a prosecution.

*United States v. Patterson*, 150 U.S. 65, 68 (1893).

---

[1] The Court has also reviewed a letter from Mr. Blair received June 1, 2005 [Doc. 28] regarding the pending objections.

2

The word "charge" is not defined by the plea agreement, nor does the agreement specify the possible offenses encompassed by paragraph 12. The Court has found virtually no case law defining the term "charge" beyond that cited by the government. It is true, as defendant points out, that the term "charge" is commonly used to include both a formal legal accusation as well as an accusation that has yet to be brought by formal legal process. However, the Court concurs with Judge Guyton's analysis that the interpretation of the plea agreement must be governed by the language within the "four corners" of the document. *See, e.g., United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002) ("Plea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law.") (citing *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991)). Therefore, the Court agrees with Judge Guyton's rationale and finds that the term "charge" as used in paragraph 12 of the plea agreement refers to the actual bringing of an accusation by appropriate legal process. Consequently, the Court finds that the government has not breached the plea agreement in case number 3:04-CR-88 by bringing the indictment in the present case. The defendant's objection to the R&R [Doc. 23] is hereby **OVERRULED**.

The government objects to Judge Guyton's conclusion that "[w]hen the parties entered into the plea agreement, in August 2004, the state drug charge now at issue was clearly known to the United States." [Doc. 24 at p. 1, citing R&R at p. 6.] The government contends that it did not know the specific facts of the state drug charge (on which the present indictment is based) until it received the presentence investigation report in case number 3:04-CR-88 in October 2004. Specifically, the government contends that although it was

3

aware of a pending state drug charge, it did not learn of the amount of drugs at issue until receipt of the presentence report, at which point the case become one which the government was interested in pursuing.

Judge Guyton did not, however, find that the government was aware of the specific facts of defendant's state drug charge. The government admits it was aware of a pending state drug charge by virtue of a pretrial services report given to both parties in July 2004 in connection with case number 3:04-CR-88. Thus, Judge Guyton correctly concluded that "[w]hen the parties entered into the Plea Agreement, in August 2004, the state drug charge now in issue clearly was known to the United States." The government's objection to the R&R [Doc. 24] is hereby **OVERRULED**. Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Guyton whereby defendant's motion to dismiss [10] is **DENIED**.

In so ruling, the Court acknowledges that this case presents a close and troubling question. While the defendant may have intended or assumed that paragraph 12 would encompass the facts which form the basis of the instant indictment, it is undisputed that the parties never specifically discussed that offense or reached such an agreement. It seems unlikely, as the government suggests, that the government would knowingly and willingly decline to pursue prosecution of a 50-gram crack cocaine case. Nevertheless, it also appears that defendant entered into the plea agreement in case number 3:04-CR-88 in part based on the belief (or assumption) that he would not face federal prosecution for the drug offense. *See United States v.* Carr, 170 F.3d 572, 575 (6th Cir. 1999) ("courts look to what was

reasonably understood by the defendant when he entered his plea of guilty"); *United States v. Phibbs*, 999 F.2d 1053, 1081 (6th Cir. 1993). Therefore, under these unusual circumstances, the Court will grant the defendant twenty (20) days from the entry of this order to withdraw his guilty plea in case number 3:04-CR-88 is he so desires. *See* Fed. R. Crim. P. 11(d)(2)(B). The Clerk is **DIRECTED** to file a copy of this order in case number 3:04-CR-88.

    IT IS SO ORDERED.

                                  s/ Thomas A. Varlan
                                  UNITED STATES DISTRICT JUDGE